*Attorney for Plaintiff*
**Rory Leisinger**
**Rory Leisinger, Esq.**
**Leisinger Law, LLP**
**118 N. Citrus Ave, Suite B**
**Covina, CA 91723**
**(P) (626) 290-2868**
**(e)  rory@leisingerlaw.com**

# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EUGENIO GOROSPE, an Individual on behalf of himself and all others similarly situated,** | **Case No.:** |
| **Plaintiff,** | **CLASS ACTION** |
| **vs.** | **COMPLAINT** |
| **PORTFOLIO RECOVERY ASSOCIATES, LLC,** | **AND** |
| **Defendant.** | **JURY TRIAL DEMAND** |

Plaintiff, Eugenio Gorospe, on behalf of himself (hereinafter "Plaintiff"), and all others similarly situated, by and through his undersigned attorney, alleges against the Defendant Portfolio Recovery Associates, LLC (hereinafter "Defendant") as follows:

## PRELIMINARY STATEMENT

1.     This is an action for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., (hereinafter "FDCPA" or "the Act"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, *et seq*. (hereinafter "the Rosenthal Act"), both of which prohibit debt collectors from engaging in abusive, deceptive and unfair debt collection practices.  Such collection practices include, *inter alia,* Defendant's deceptive, misleading and unfair conduct in a written collection letter to the Plaintiff on a time-

barred debt in violation of 15 U.S.C. §1692e(2)(A), 15 U.S.C. S 1692e(10), 15 U.S.C. 1692f and California Civil Code § 1788.17.

2.    The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another.  The United States Congress found that the Act was necessary because existing consumer protection laws were inadequate as demonstrated by abundant evidence of abusive, deceptive and unfair debt collection practices by many debt collectors which contributed to personal bankruptcies, marital instability, loss of jobs and invasions of individual privacy.  Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses.

3.    The FDCPA is a strict liability statute, which provides for actual and/or statutory damages upon the showing of one violation.  The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer."

4.    To prohibit deceptive practices, the FDCPA at 15 U.S.C. § 1692e, outlaws the use of  false, deceptive and/or misleading representations in connection with the collection of any debt and sets forth a non-exhaustive list of certain *per se*  violations of false and deceptive collection conduct.  15 U.S.C. § 1692e(1)-(16).  Among these *per se* violations prohibited by that section are:  false representations as to the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A); and the use of any false representation or deceptive means to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).  The FDCPA

further prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt. 15 U.S.C. § 1692f.

5.      The Legislature of the State of California made the followings findings with respect to enactment of the Rosenthal Act:

(1)   The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.   Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

(2)   There is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honestly and due regard for the rights of the other.   It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts.

California Civil Code §1788.1

6.      The Rosenthal Act likewise mandates "[e]very debt collector collecting or attempting to collect a consumer debt [to] comply with provision of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code" and, as such, the failure to do so is a separate and distinct violation of the Rosenthal Act.  California Civil Code §§ 1788.17, 1788.32.

7.       The Rosenthal Act is a strict liability statute, which provides for actual and/or statutory damages upon the showing of one violation.  The Rosenthal Act is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer."

8.       The Plaintiff, individually and behalf of all others similarly situated, seeks actual damages, statutory damages, attorneys' fees and costs and all other relief, legal or equitable in

nature, as deemed appropriate by the Court, pursuant to the FDCPA, the Rosenthal Act and all other common or statutory law.

## JURSIDICTION AND VENUE

9.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k(d).

10.     Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

11.     Plaintiff is a natural person, who at all relevant times has resided in the city of San Jose, in the County of Santa Clara, State of California.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and a "debtor" as defined by California Civil Code § 1788.2(h).

12.     Defendant is Limited Liability Company, with its principal executive offices located at 120 Corporate Boulevard, Norfolk, Virginia, 23501, doing business in the State of California.  Defendant is a "debt collector" as defined by 15 U.S.C § 1692a(6) and California Civil Code § 1788.2(c).

## CLASS ACTION ALLEGATIONS

13.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure Rule 23, on behalf of himself and all persons/consumers, along with their successors-in-interest, who reside in the State of California and have received within one (1) year from the date of Plaintiff's Complaint similar debt collection notices/letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, 15 U.S.C. § 1692, *et seq.,* and the Rosenthal Act, California Civil Code, §§ 1788, *et seq.* Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated

with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant, as impracticable.

14.     On information and belief, thousands of persons have received debt collection notices/letters/communications from Defendant which violate the FDCPA, 15 U.S.C. § 1692, *et seq.,* and the Rosenthal Act, California Civil Code, §§ 1788, *et seq.*

15,     This Class satisfies all the requirements of Fed. R. Civ. P. Rule 23 for maintaining a class action.

16.     The Class is so numerous that joinder of all members is impracticable.  On information and belief, thousands of persons have received debt collection notices/letters/communications from Defendant which violate the FDCPA, 15 U.S.C. § 1692, *et seq.,* and the Rosenthal Act, California Civil Code §§ 1788, *et seq.*

17.     The debt collection notices/letters/communications received by the Class from the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

18.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated the FDCPA § 1692, *et seq.*;  (ii) Whether the Defendant violated the Rosenthal Act, California Civil Code §§ 1788, *et seq.;* (iii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (iv) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (v) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

19.   Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

20.   A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692k.

21.   The members of the Class have claims which are unlikely to be vindicated in the absence of a class action.

22.   Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

23.   A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

24.   Plaintiff will fairly and adequately represent the Class Members' interests, in that the Plaintiff's counsel is qualified and experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

25.   Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's wrongful conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

26.     Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making any appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL STATEMENT

27.     Upon information and belief, at all times relevant to this litigation, Defendant has engaged in a course of collection attempts on a consumer debt in the amount of $621.81 allegedly owed by the Plaintiff, which originated with HSBC Card Services, III, Inc. (hereinafter "HSBC"), and on an undisclosed date was purchased by the Defendant from HSBC, which debt allegedly remains due and owing to Defendant as the current owner of the alleged debt.

28.     The alleged debt which the Defendant is seeking to collect from the Plaintiff is a consumer "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5) and the Rosenthal Act, California Civil Code § 1788.2(d).

29.     By letter dated April 16, 2015 (hereinafter the "Collection Letter"), Defendant advised Plaintiff, *inter alia*, that a debt was due and owing to the Defendant as the current owner of the alleged debt originating with HSBC in the amount of $621.81.  A true and accurate copy of the Collection Letter is annexed and made a part hereof as Exhibit A.

30.     The Collection Letter was an attempt by Defendant to collect on a consumer debt from the Plaintiff.

31.     Plaintiff received the Collection Letter from the Defendant on or about April 23, 2015.

32.     The Collection Letter was seeking to collect the alleged debt from the Plaintiff by offering a "Pay the Full Balance" plan or "A Settlement Payment Plan."  The Collection Letter opens with the following statement to the Defendant:

> Dear EUGENIO O GOROSPE
> For nearly 20 years, Portfolio Recovery Associates, LLC ("PRA, LLC") has helped customers across the country resolve their debt.  Please contact us directly to find out how we can help you. We are committed to working with you to design a plan that fits your budget. Call us today!

*See* Exhibit A.

33.     The Defendant than (in bold enlarged print that takes up the vast majority of the letter space) presents Plaintiff with its "Pay the Full Balance" plan or "A Settlement Payment Plan" options as follows:

| Pay the Full Balance | Choose A Settlement Payment Plan |
|---|---|
| ● 1 Payment of $621.81 | ● 1 payment of $466.00 *SAVE $155.81.* |
| OR | OR |
| ● 6 Monthly Payments of $103.63 | ● Pay $83.00 for 6 consecutive months *SAVE $123.81* |
| OR | OR |
| ● 12 Monthly Payments of $51.81 | ● Pay $44.00 for 12 consecutive months *SAVE $93.81* |
| *Your account will be considered "Paid in Full" once your account reaches a zero balance. | *Your account will be considered "Settled in Full" after your final payment is posted. You owe nothing more. |

***Your first payment must be received NO LATER than 05/15/2015.***
Call now to get started or to learn about other payment options!


We are ready to help you resolve this debt!
Just call:
**1-800-772-1413**
before 05/15/2015
to discuss the
AFFORDABLE PAYMENT OPTIONS
that are available to you.
8 AM to 11 PM Mon.-Fri.
8 AM to 5 PM Sat.  •  2 PM to 9 PM Sun.


Mail all checks and payments to:
PORTFOLIO RECOVERY ASSOCIATES, LLC
P.O. Box 12914
Norfolk VA 23541


Pay Online Using Your Checking Account!
www.portfoliorecovery.com

*We are not obligated to renew this offer.*

Company Address: Portfolio Recovery Associates, LLC, 120 Corporate Blvd., Norfolk, VA 23502

Disputes Correspondence Address: Portfolio Recovery Associates, LLC Disputes Department, 140 Corporate Blvd., Norfolk, VA 23502 or E-mail: PRA_Disputes@portfoliorecovery.com

The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, Portfolio Recovery Associates, LLC may continue to report it to the credit reporting agencies as unpaid for as long as the law permits this reporting.

34.     In the last line of the Collection Letter in very fine print, after offering Plaintiff the "Pay the Full Balance" or "Settlement Payment Plan" options for the alleged debt, Defendant states: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, Portfolio Recovery Associates, LLC may continue to report it to the credit reporting agencies as unpaid for as long as the law permits this reporting." *See* Exhibit A.

35.     The Collection Letter fails, however, to advise the Plaintiff that if the Plaintiff accepts either the "Pay the Full Balance" plan or the "Settlement Payment Plan", both of which provided for a series of partial payments, the Plaintiff by making even a single partial payment revives the Defendant's ability statute of limitations) to sue the Plaintiff to collect the full balance of the debt. As such, the Collection Letter if accepted by the Plaintiff would in fact render the Plaintiff worse off than if it was rejected.

36.     The Collection Letter is misleading, confusing, deceptive and unfair as it misrepresents the nature, character and/or legal status of the alleged debt. The last line of the Collection Letter wherein Defendant represents to the Plaintiff that due to the age of the alleged debt the Defendant would not sue the Plaintiff on the alleged debt, leads the Plaintiff to believe that the Plaintiff could accept either of the "Pay the Full Balance" plan or the "Settlement Payment Plan" and make the partial payments thereunder risk free of any future litigation if the Plaintiff was unable to continue making the future partial payments. Of course, this is not the case. If Plaintiff made even one partial payment of a single dollar on the alleged debt, the statute of limitations on the alleged debt would be revived and the Defendant would have another four (4) years from the date of the partial payment (the applicable statute of limitations under California law) to sue Plaintiff for the entire amount of the alleged debt.

37.     It is the position of the Federal Trade Commission, the Consumer Financial Protection Bureau, the Federal Deposit Insurance Corporation, the Federal Reserve Board and the Office of the Comptroller of the Currency that when "collecting on a time barred debt a debt collector [Defendant] must inform the consumer [Plaintiff] that (1) the collector cannot sue to collect the debt ***and (2) providing a partial payment would revive the collector's [Defendant's] ability to sue to collect the balance.***" *McMahon v. LVNV Funding, LLC*, 774 F.3d 1010, 1015 (7th Cir. 2014) (emphasis added).

38.     The Defendant offers to Plaintiff in the Collection Letter a "Settlement Payment Plan."   The use of the word "settlement" is misleading, confusing, deceptive and unfair in that it leads the Plaintiff to believe that the debt was a legally enforceable obligation and that if the Plaintiff did not accept the "settlement", the Plaintiff would face a legal proceeding where the full amount of the debt would be demanded.

39.     The Defendant engaged in misleading, deceptive, and unfair debt collection practices in violation of the FDCPA and the Rosenthal Act by its Collection Letter to the Plaintiff.

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C. 1692e(2)(A) and 15 U.S.C. § 1692e(10)

40.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 39 of the Complaint and incorporates them by reference with the same force and effect as if set forth at length specifically herein.

41.     In an effort to collect a consumer debt, Defendant caused the Collection Letter dated April 16, 2015 to be sent to Plaintiff.

42.     The Collection Letter was received by Plaintiff on or about April 23, 2015.

43.    The Collection Letter was seeking to collect the alleged debt from the Plaintiff by offering a "Pay the Full Balance" plan or "A Settlement Payment Plan."

44.    The Defendant (in bold enlarged print that takes up the vast majority of the letter space) presented Plaintiff with its "Pay the Full Balance" plan or "A Settlement Payment Plan" options as follows:



45.    After offering Plaintiff the "Pay the Full Balance" plan or "A Settlement Payment Plan" options for the alleged debt, the Defendant's Collection Letter contains the following statement in very fine print:  "The law limits how long you can be sued on a debt.  Because of the age of your debt, we will not sue you for it.  If you do not pay the debt, Portfolio Recovery Associates, LLC may continue to report it to the credit reporting agencies as unpaid for as long as the law permits this reporting."  *See* Exhibit A.

46.     The Collection Letter fails, however, to advise the Plaintiff that if the Plaintiff accepts either the "Pay the Full Balance" plan" or the "Settlement Payment Plan", both of which provided for a series of partial payments, the Plaintiff by making even a single partial payment revives the Defendant's ability (statute of limitations) to sue the Plaintiff to collect the full balance of the debt.  As such, the Collection Letter if accepted by the Plaintiff would in fact render the Plaintiff worse off than if it was rejected.

47.     The Collection Letter is misleading, confusing, deceptive and unfair as it misrepresents the nature, character and/or legal status of the alleged debt.  The last line of the Collection Letter, wherein Defendant represents to the Plaintiff that due to the age of the alleged debt the Defendant would not sue the Plaintiff on the alleged debt, leads the Plaintiff to believe that the Plaintiff could accept either the "Pay the Full Balance" plan or the "Settlement Payment Plan" and make the partial payments thereunder risk free of any future litigation if the Plaintiff was unable to continue making the future partial payments.  Of course, this is not the case.  If Plaintiff  made even one partial payment of a single dollar, the statute of limitations on the alleged debt would be revived and the Defendant would have another four (4) years from the date of the partial payment (the applicable statute of limitations under California law) to sue Plaintiff for the entire amount of the alleged debt.

48.     It is the position of the Federal Trade Commission, the Consumer Financial Protection Bureau, the Federal Deposit Insurance Corporation, the Federal Reserve Board and the Office of the Comptroller of the Currency that when "collecting on a time barred debt a debt collector [Defendant] must inform the consumer [Plaintiff] that (1) the collector cannot sue to collect the debt *and (2) providing a partial payment would revive the collector's [Defendant's]*

*ability to sue to collect the balance."* McMahon v. LVNV Funding, LLC, 774 F.3d 1010, 1015 (7th Cir. 2014) (emphasis added).

49.     By virtue of Defendant's Collection Letter, Defendant falsely represented the nature and/or status of the Alleged Debt.

50.     Defendant's actions violate the FDCPA, 15 U.S.C. §1692e(2)(A), which prohibits "[t]he false representation of (A) the character, amount or legal status of any debt."

51.     By virtue of Defendant's Collection Letter, Defendant engaged in deceptive means to attempt to collect the alleged debt from the Plaintiff.

52.     Defendant's actions violate the FDCPA, 15 U.S.C. §1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

53.     Defendant's actions were knowing and willful.

54.     As a result of Defendant's wrongful collection practices, Plaintiff has been damaged and is entitled to relief.


### COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C. § 1692f

55.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 54 of the Complaint and incorporates them by reference with the same force and effect as if set forth at length specifically herein.

56.     In an effort to collect a consumer debt, Defendant caused the Collection Letter dated April 16, 2015 to be sent to Plaintiff.

57.     The Collection Letter was received by Plaintiff on or about April 23, 2015.

58.     The Collection Letter was seeking to collect the alleged debt from the Plaintiff by offering a "Pay the Full Balance" plan or "A Settlement Payment Plan."

59.     The Defendant (in bold enlarged print that takes up the vast majority of the letter space) presents Plaintiff with its "Pay the Full Balance" plan or "A Settlement Payment Plan" options as follows:



60.     The Defendant offers to Plaintiff in the Collection Letter a "Settlement Payment Plan."   The use of the word "settlement" is misleading, confusing, deceptive and unfair in that it leads the Plaintiff to believe that the debt was a legally enforceable obligation and that if the Plaintiff did not accept the "settlement", the Plaintiff would face a legal proceeding where the full amount of the debt would be demanded.

61.      By virtue of Defendant's Collection Letter, Defendant engaged in unfair and deceptive conduct.

62.      Defendant's actions violate the FDCPA, 15 U.S.C. §1692f, which mandates that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

63.      Defendant's actions were knowing and willful.

64.      As a result of Defendant's wrongful collection practices, Plaintiff has been damaged and is entitled to relief.


## COUNT III

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA CIVIL CODE §§ 1788.17

65.      Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 64 of the Complaint and incorporates them by reference with the same force and effect as if set forth at length specifically herein.

66.      In an effort to collect a consumer debt, Defendant caused the Collection Letter dated April 16, 2015 to be sent to Plaintiff.

67.      The Collection Letter was received by Plaintiff on or about April 23, 2015.

68.      The Collection Letter was seeking to collect the alleged debt from the Plaintiff by offering a "Pay the Full Balance" plan or "A Settlement Payment Plan."

69.     The Defendant presents Plaintiff (in bold enlarged print that takes up the vast

majority of the letter space) with its "Pay the Full Balance" plan or "A Settlement Payment Plan"

options as follows:





70.     The Collection Letter fails, however, to advise the Plaintiff that if the Plaintiff

accepts either the "Pay the Full Balance" plan or the "Settlement Payment Plan", both of which

provided for a series of partial payments, the Plaintiff by making even a single partial payment

revives the Defendant's ability (statute of limitations) to sue the Plaintiff to collect the full

balance of the debt.  As such, the Collection Letter if accepted by the Plaintiff would in fact

render the Plaintiff worse off than if it was rejected.

71.     The Collection Letter is misleading, confusing, deceptive and unfair as it

misrepresents the nature, character and/or legal status of the alleged debt.  The last line of the

Collection Letter, wherein Defendant represents to the Plaintiff that due to the age of the alleged

debt the Defendant would not sue the Plaintiff on the alleged debt, leads the Plaintiff to believe that the Plaintiff could accept either the "Pay the Full Balance" plan" or the "Settlement Payment Plan" and make the partial payments there under risk free of any future litigation if the Plaintiff was unable to continue making the future partial payments.  Of course, this is not the case.  If Plaintiff  made even one partial payment for a single dollar, the statute of limitations on the alleged debt would be revived and the Defendant would have another four (4) years from the date of the partial payment (the applicable statute of limitations under California law) to sue Plaintiff for the entire amount of the alleged debt.

72.     It is the position of the Federal Trade Commission, the Consumer Financial Protection Bureau, the Federal Deposit Insurance Corporation, the Federal Reserve Board and the Office of the Comptroller of the Currency that when "collecting on a time barred debt a debt collector [Defendant] must inform the consumer [Plaintiff] that (1) the collector cannot sue to collect the debt ***and (2) providing a partial payment would revive the collector's [Defendant's] ability to sue to collect the balance.***"  *McMahon v. LVNV Funding, LLC*, 774 F.3d 1010, 1015 (7th Cir. 2014) (emphasis added).

73.     The Defendant offers to Plaintiff in the Collection Letter a "Settlement Payment Plan."   The use of the word "settlement" is misleading, confusing, deceptive and unfair in that it leads the Plaintiff to believe that the debt was a legally enforceable obligation and that if the Plaintiff did not accept the "settlement", the Plaintiff would face a legal proceeding where the full amount of the debt would be demanded.

74.     By virtue of Defendant's Collection Letter, Defendant falsely represented the nature and/or status of the Alleged Debt.

75.     Defendant's actions violate the FDCPA, 15 U.S.C. § 1692e(2)(A), which prohibits "[t]he false representation of (A) the character, amount or legal status of any debt."

76.     By virtue of Defendant's Collection Letter, Defendant engaged in deceptive means to attempt to collect the alleged Debt from the Plaintiff.

77.     Defendant's actions violate the FDCPA, 15 U.S.C. § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

78.      By virtue of Defendant's Collection Letter, Defendant engaged in unfair and deceptive conduct.

79.     Defendant's actions violate the FDCPA, 15 U.S.C. § 1692f, which mandates that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

80.     The Rosenthal Act, California Civil Code § 1788.17, requires every debt collector (Defendant) attempting to collect a consumer debt to comply with the provisions of "Sections 1692b to 1692j, inclusive, of , and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

81.     The Defendant's Collection Letter violates the FDCPA, 15 U.S.C. § 1692e(A)(2), 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692f, and, thereby also constitutes a violation of the Rosenthal Act, California Civil Code §§ 1788.17, 1788.32.

82.     Defendant's actions were knowing and willful.

83.     As a result of Defendant's wrongful collection practices, Plaintiff has been damaged and is entitled to relief.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triabale.


**RELIEF**

WHEREFORE, Plaintiff, Eugenio Gorospe, on behalf of himself and all others similarly situated, respectfully requests that this Court enter judgment against the Defendant for the following:

A.     Certifying the Class as described above pursuant to Fed. R. Civ. P. 23(b)(3);

B.     Declaring the Defendant's actions as described above to be in violation of the FDCPA;

C.     Declaring the Defendant's actions as described above to be in violation of the Rosenthal Act;

D.     An award of actual damages for the Plaintiff and all Class Members pursuant to 15 U.S.C. § 1692k(a)(1);

E.     An award of statutory damages for the Plaintiff and all Class Members pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

F.     An award of costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

G.     An award of actual damages for the Plaintiff and all Class Members pursuant to California Civil Code § 1788.30(a);

H.     An award of statutory damages for the Plaintiff and all Class Members pursuant to California Civil Code § 1788.30(b);

I.      An award of costs and reasonable attorneys' fees pursuant to California Civil Code § 1788.30(c);

J.      Enjoining Defendant from further misrepresenting and misleading the effect of a consumer's acceptance of a "settlement payment plan" and/or partial payment on a time barred debt; and.

K.      Such other and further relief as the Court may deem just and equitable.

Respectfully submitted this 14th Day of April, 2016

Respectfully Submitted,

s/ Rory Leisinger
Attorney for Plaintiff
Rory Leisinger
Rory Leisinger, Esq.
Leisinger Law, LLP
118 N. Citrus Ave, Suite B
Covina, CA 91723
(P) (626) 290-2868
(e) rory@leisingerlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2016, the foregoing was filed electronically with the Clerk of Court via ECF and will be served upon Defendant via personal service at the following address:

Portfolio Recovery Associates, LLC
120 Corporate Blvd.
Norfolk, VA 23502

s/ Rory Leisinger
 Rory Leisinger